BECKER v. EXCHANGE MUT. FIRE INS. CO. OF PENNSYLVANIA.

(Circuit Court of Appeals, Third Circuit. January 31, 1910.)

No. 63 (1,256).

INSURANCE (§ 349*)—POLICY—PREMIUM—FAILURE TO PAY.

Where a policy provided that, if the premium should not be paid on or before January 15, 1907, it should then lapse and become void without notice to the insured, and that no agent of the company had power to waive such condition, unless the waiver was in writing on or attached to the policy, failure to pay the premium within the time prescribed, or until after loss, forfeited the policy, in the absence of waiver.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 349.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by Frances A. Becker against the Exchange Mutual Fire Insurance Company of Pennsylvania. Judgment for defendant (165 Fed. 816), and plaintiff brings error. Affirmed.

E. B. Seymour, for plaintiff in error.
H. B. Gill, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. This was an action by Frances A. Becker against the Exchange Mutual Fire Insurance Company of Pennsylvania upon a fire insurance policy. The jury gave a verdict for $2,530.88 in favor of the plaintiff, subject to a question of law reserved by the trial court in accordance with the authorized practice in the state of Pennsylvania. Motion was then made by the defendant, also in accordance with the practice in that state, for the entry of judgment for the defendant notwithstanding the verdict. On consideration of the legal question involved judgment was entered for the defendant. The writ of error is prosecuted by the plaintiff in the court below.

The policy was dated December 20, 1906. It contained the following provisions:

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or att

"If the assured fails to make the payment in full hereinbefore named (being the premium of $62.50), on or before the 15th day of the month succeeding that in which this policy is dated, this policy shall be null and void, without any notice or other act or thing to be given or done by the company, anything hereinbefore to the contrary notwithstanding."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It follows that the premium of $62.50 became due January 15, 1907. It was paid by the plaintiff to her own agents in New York on February 8, 1907. The fire occurred on February 22, 1907. In the statement of her claim the plaintiff alleges that the premium "was tendered to defendant, Exchange Mutual Fire Insurance Company of Pennsylvania, or its agents, on or about the 28th day of February, 1907, and was accepted by it." The proofs show that the premium had not been paid to the insurance company, or to any of its agents, on February 27, 1907; for on that date Arthur R. Drake, the insurance company's agent, wrote to the plaintiff's husband as follows:

"Your favor of the 25th received. The premium under your policy has not been paid, and therefore we are not interested in the reported loss."

The premium was evidently tendered to Mr. Drake after the plaintiff had received this letter. Mr. Drake refused to accept it. Neither is there any legal proof of waiver of the provision of the policy concerning the time within which the payment should have been made. There is nothing in any of the letters offered in evidence by the plaintiff, or in any of the other proofs, that shows, or even tends to show, that the plaintiff relied on any act or conduct of any agent of the insurer that could have rightfully induced the plaintiff to believe that time for the payment of the premium had been extended beyond January 15, 1907. By its terms the policy provided that if the premium should not be paid on or before January 15, 1907, it should then lapse and become void, without notice to the insured, and that no agent of the company had the power to waive that condition, unless the waiver should be written upon or attached to the policy. No waiver was written upon or attached to it. All its provisions, so far as the record shows, had their full operative effect against the insured.

The judgment of the Circuit Court must therefore be affirmed, with costs.